UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN LOPICCOLO,

    Plaintiff,    Case Number: 2:20-12178
              Honorable Nancy G. Edmunds
v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

    Defendants.
                  /

**OPINION AND ORDER OF DISMISSAL**

  This matter is before the Court on Jonathan Lopiccolo's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Lopiccolo is incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. He names five defendants: Michigan Department of Corrections (MDOC), Trinity Food Service, Gregg Hissong (food service director), and James Perry (assistant food service director). Lopiccolo, who is proceeding *in forma pauperis*, alleges that defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the First and Eighth Amendments. He seeks monetary relief. The Court holds that the complaint fails to state a claim upon which relief may be granted and dismisses the complaint.

**I.  Standard**

  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the

action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.     Factual Allegations**

Lopiccolo, who practices the Jewish faith, claims that defendants violated his rights under the First Amendment, Eighth Amendment, and RLUIPA when they failed to provide him with a nutritionally adequate meal upon conclusion of his religious fast.

On Friday, July 21, 2018, Lopiccolo began a 24-hour fast to observe the Jewish holy day of Tisha B'Av. (ECF No. 1, PageID.3.) He concluded the fast at sundown on

2

Saturday, July 22, 2018.  (*Id.*)  He reported to food service to retrieve the meal to be provided to Jewish members of the prison population who were participating in the fast.  (*Id.*)  Lopiccolo states that instead of being provided a "nutritionally adequate meal" he was given what is known as a "ride-out bag."  (*Id.*)  A ride-out bag is provided to prisoners when they are being transferred from one MDOC facility to another and consists of one peanut butter and jelly sandwich, one apple, two small slices of carrots and celery and one pint of 2% milk.  (*Id.* at 3-4.)  Lopiccolo states that, in responding to a grievance complaining about this incident, an MDOC respondent acknowledged that he was entitled to a meal bag like those used during Ramadan and that meal bags had been prepared, but Lopiccolo was not provided with one.  (*Id.* at 4.)  Lopiccolo does not indicate whether he proceeded beyond Step I of the grievance process or provide information about any additional responses.

**III.   Discussion**

    **A.   Eleventh Amendment Immunity**

Plaintiff may not maintain a § 1983 action against the MDOC.  The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Id.*  at 66.  "The state of Michigan ... has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  *Chaz*

3

*Construction, LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies." *McCormick v. Miami University*, 693 F.3d 654, 661 (6th Cir. 2012) (quotation omitted).

Lopiccolo's claims against the MDOC will be dismissed.

### B. First Amendment Claims

The First Amendment provides that "Congress shall make no law ... prohibiting the free exercise [of religion]." U.S. Const. amend. I. This prohibition applies to the states through the Fourteenth Amendment. *See Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940). "Inmates clearly retain protections afforded by the First Amendment." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). To show that his First Amendment right to freely exercise his religion was violated, Lopiccolo must show: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) defendants' behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987). If a prison regulation impinges on an inmate's constitutional rights, "the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Lopiccolo rests his First Amendment claim on a single instance of failing to receive the proper meal after a 24-hour fast. The meal he received, he claims, was calorically insufficient. Lopiccolo does not allege that a prison policy limits access to nutritionally-sufficient post-fast meals. Instead, he alleges that, a single, isolated incident

4

violated his right to exercise his religion. "[P]rison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010). But an isolated incident that impacts a prisoner's right to exercise his religion does not violate the First Amendment. *Id.* at 293-294 (6th Cir. 2010) (holding that isolated incidents of prison officials providing non-kosher food to a Jewish prisoner did not violate the First Amendment). *See also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (isolated acts of negligence in providing kosher diet do not support a free-exercise claim); *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006) ("[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983.")

Lopiccolo does not allege that the isolated incident arises from an underlying prison regulation or policy which violates the Free Exercise Clause, that the mistake was anything other than negligence, or that there is some reason to believe this mistake will be repeated in the future. His claim that he was served the wrong meal on one occasion does not support a claim that defendants violated his right to the free exercise of religion.

### C. Eighth Amendment Claims

Lopiccolo alleges that his receipt of a "ride out bag" following his 24-hour fast constitutes cruel and unusual punishment because it was calorically and nutritionally insufficient. "[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337,

5

346 (1981) (citation omitted) (internal quotation marks omitted). To succeed on an Eighth Amendment claim, a prisoner must establish two elements, one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the objective component requires a prisoner to show that the conduct was "sufficiently serious." *Rafferty v. Trumbull County, Ohio,* 915 F.3d 1087, 1094 (6th Cir. 2019) (quotation omitted). The objective component "is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)). The subjective component requires the plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001).

Lopiccolo does not allege he suffered any deleterious health effects from receiving a calorically and nutritionally insufficient meal bag on one occasion. The isolated incident does not constitute a sufficiently serous deprivation of a basic human need to state an Eighth Amendment violation. *See, e.g., Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (depriving a prisoner of seven meals over six days did not rise to the level of an Eighth Amendment violation); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health). Lopiccolo fails to state and Eighth Amendment violation.

### D. RLUIPA Claims

Finally, Lopiccolo argues that the deprivation of an appropriate post-fast meal violated RLUIPA by placing substantial burdens on his ability to exercise his religion. He seeks only money damages. RLUIPA does not create a cause of action against an individual in that individual's personal capacity and RLUIPA does not permit money damages against a state or its employees. *Haight v. Thompson*, 763 F.3d 554, 568 (6th Cir. 2014). Accordingly, Lopiccolo has not stated and cannot state a viable RLUIPA claim based on the allegations in his complaint.

## IV. Conclusion

For the reasons set forth, the Court dismisses the complaint.

The Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis*. *See* Fed. R. Civ. P. 24(a)(5).

SO ORDERED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: September 4, 2020